OHLERT, Respondent, vs. ALDERSON and others, Appellants.

*November 10 — November 28, 1893.*

*Contracts: Sale of land: Parol evidence as to consideration, etc.*

A written contract of sale and the deed given in execution thereof, described specifically two government subdivisions of land and stated the consideration as a gross sum, without mention of the number of acres sold or of any price per acre. *Held,* that in the absence of fraud or mistake parol evidence was inadmissible to show that the agreement was for the sale of a certain number of acres or for a certain price per acre.

APPEAL from the Circuit Court for *Grant* County.

This is an action for money had and received, based upon the following facts, in substance, namely:

The defendants entered into a written contract October 21, 1889, to sell and convey to the plaintiff " the south half

of southwest quarter of section 36, town 6, range 4, and the north half of northwest quarter of section 1, town 5, range 4, in Grant county, Wisconsin," for the sum of $4,000, to be paid as specified in the contract. There was no mention in the contract of the number of acres sold, or of any price per acre. It simply mentions, in express terms, the sale of the said two government descriptions of land for $4,000, without other explanation or qualification. Subsequently, the $4,000 consideration having been paid, the defendants executed and delivered to the plaintiff a warranty deed of said tracts. The deed expresses a consideration of $4,000, and the premises thereby conveyed are described therein as follows, namely: "The following described real estate, situate in the county of Grant and state of Wisconsin, to wit, the south half of the southwest quarter of section 36, town 6, range 4 west; also, north half of northwest quarter of section 1, town 5 north, of range 4 west." The plaintiff subsequently had the tracts of land thus described surveyed, and ascertained for the first time that they contained 154.1 acres of land, and no more. He then claimed that he bought these tracts of land for 160 acres of land, at $25 per acre, and that the defendants told him at the time, in substance, that there were 160 acres in the two tracts; and he demanded that the defendants repay him the price of 5.9 acres at the rate of $25 per acre, $147.50, and brought this action for the recovery of that sum, with interest. There was no claim that there was any fraudulent representation made by the defendants as to the quantity of land included in the two tracts, and it appeared that before making the purchase the plaintiff examined the lands and had an opportunity to ascertain the contents of the tracts.

At the trial the court, against the objection of defendants, permitted the plaintiff to produce and give parol evidence to the effect that by the parol agreement which preceded the written contract it was agreed and understood that the

defendants were to sell and convey the tracts of land in question, and that they contained 160 acres of land, for which plaintiff was to pay $25 per acre, amounting to $4,000. Evidence was given on behalf of the defendants tending to show that the lands in question were sold by defendants for $4,000; that the defendants did not know what number of acres the tracts contained until after the plaintiff had them surveyed, but supposed that they contained 160 acres of land; and that when the deed was delivered nothing was said as to the number of acres they contained.

The conflict between the claims of the respective parties was whether the sale was of certain tracts of land supposed to contain 160 acres at a lump sum for the tracts, or whether it was, on the contrary, the sale of 160 acres of land at $25 per acre, the amount of the purchase price to be determined by the number of acres in the tracts. There was no claim made that any fraud or mutual mistake occurred in the execution of the contract of sale, or the execution and delivery and acceptance of the deed, as to the terms of the sale. The court, at the request of plaintiff's counsel, instructed the jury "that if the plaintiff bought, and the defendants sold to him, a given number of acres at a given price per acre, and not a lump contract for a lump sum, and the land conveyed by them to him does not contain so many acres as he bought and they sold, and he has paid them for the number of acres bought by him, the plaintiff is entitled to recover from the defendants the difference between the number of acres he bought and the number conveyed to him by them, at the agreed price per acre." The court was requested, on behalf of defendants, to instruct the jury, in substance, that when a contract is put into writing it extinguishes any previous parol agreement between the parties as to the terms of the contract, and, if there is no ambiguity or uncertainty on the face of

the writing, it is binding upon the parties and cannot be varied or changed by parol evidence unless it appears that fraud was used by one party to induce the other to assent thereto.   The court refused to so instruct the jury.

The plaintiff had a verdict for $150, upon which judgment was entered.   The defendants appealed.

For the appellants there was a brief by *Bushnell & Watkins* and *John D. Wilson*, and oral argument by *A. R. Bushnell* and *R. A. Watkins*.

For the respondent there was a brief by *Carter & Burns*, and oral argument by *W. E. Carter*.   They contended, *inter alia*, that the parol evidence in this case did not tend to vary or contradict the terms of the written instruments, but only to complete them in the particular respecting which they were incomplete; that is, as to how the consideration stated in them was arrived at.   Both the 'statement of consideration in a deed and the recitals of its payment may be varied and controlled by parol evidence. *Cardinal v. Hadley*, 158 Mass. 352; 5 Am. & Eng. Ency. of Law, 436–7; *Reynolds v. Vilas*, 8 Wis. 482; *Bird v. Kleiner*, 41 id. 134; *Frey v. Vanderhoof*, 15 id. 397, 401; *Hahn v. Doolittle*, 18 id. 196; *Hubbard v. Marshall*, 50 id. 322; *Red Wing Mfg. Co. v. Moe*, 62 id. 240; *Becker v. Knudson*, 86 id. 14; *Barnes v. U. P. R. Co.* 54 Fed. Rep. 87; *Tarbell v. Bowman*, 103 Mass. 341; *Pickman v. Trinity Church*, 123 id. 1; *Paige v. Sherman*, 6 Gray, 511.

PINNEY, J.   The plaintiff's right to recover in this case depends entirely upon whether, as against the express and unambiguous terms of the contract of sale and the deed of conveyance executed to carry it into effect, he can be allowed to show by parol evidence that the contract was for the purchase and conveyance of 160 acres of land, and not merely the tracts specifically described, and consequently the quantity of land only which these tracts might contain,

for the price and sum of $4,000. We consider the law on this subject very plain, and cannot understand how the plaintiff's recovery can be sustained. By the plain and unambiguous terms of the written contract, the plaintiff purchased only the tracts of land in question, and consequently only the quantity of land they contained, for $4,000. Neither the contract nor the deed makes any mention whatever of the quantity of land. The parol evidence admitted contradicted and varied the terms both of the contract and deed in very important respects, namely, in respect to the quantity of land sold and in respect to the consideration which was to be paid therefor. The evidence goes to show that the defendants agreed to sell, and the plaintiff bought, not merely the two tracts of land specifically described in the contract and deed, but as containing 160 acres of land, and to show that the price and consideration to be paid for them was not $4,000, as stated in the contract, but $147.50 less than that sum. Bearing in mind that there is no allegation of fraud or mistake in the complaint, it seems hardly possible to state propositions more clearly at variance with the rule forbidding the admission of parol evidence to contradict or vary the terms of a written contract, or more destructive of the sanctity of written instruments. Had it been ascertained upon a survey that the tracts contained a like quantity of land in excess of 160 acres, upon the grounds upon which this recovery has been allowed the defendants might sue and recover from the plaintiff a like sum in excess of $4,000, although the contract, plainly, is that the plaintiff was to have all the land that both tracts contained, and only that, for only $4,000. We think the statement of the plaintiff's contention is its sufficient refutation.

The contract and deed clearly state a sale and conveyance of what may be aptly termed as a "lump quantity" for a definite gross sum, and, as there was no allegation of

Ohlert vs. Alderson and others.

fraud or mistake, parol evidence to the contrary was certainly inadmissible; and it is wholly immaterial how the parties arrived at the sum to be paid, or whether there was any discussion or understanding as to the quantity of the land. All these matters are merged in the written instruments, and their language is decisive and final. The fact that parol evidence is admissible, in an action on the covenants of a deed, to show and explain the consideration clause and what the real consideration was, as the measure of damages, or how the consideration was to be paid, or that the deed was made upon a valuable consideration and so was not fraudulent as against creditors or subsequent purchasers, or to prove by parol other facts than those stated in a deed, in order to show the whole transaction, when they are not inconsistent with or contradictory of the terms of the deed, as held in the cases cited by respondent's counsel, does not suffice to support his contention. The plaintiff, in respect to the question at issue, is certainly in no better position, so far as the admission of parol evidence is concerned, after the execution of the deed than before; and though the provisions of the written contract, in a general sense, may be said to have been merged in the deed delivered and accepted under it, yet if the deed is not conclusive, when the question arises whether the sale was of two tracts of land accurately described without reference to quantity and for a specific sum, and was a lump sale or a sale of a specific number of acres at a definite sum per acre, the written contract may be referred to, we think, in order to settle the question, and to rebut the claim that the executed contract, as stated in the deed, was not in conformity with the executory one. The contract was one which, by the statute of frauds, was required to be in writing, and the difficulty with the plaintiff's case is that the evidence received, and upon which a recovery was had, does not explain the contract as to the quantity of lands sold,

or the consideration clause in the deed, but flatly contra-
dicts both, in their most essential and important provisions;
and, if admitted, the solemn agreement of the parties is
rendered nugatory, without any finding of fraud or mutual
mistake.

In most of the cases relied on by the respondent's counsel,
there does not appear to have been any such preliminary
agreement in writing, particularly in the case of *Cardinal
v. Hadley*, 158 Mass. 352. This was a case of error in com-
puting the quantity from known measurements. But, con-
sidering the case solely upon the basis of the deed and
admissibility of parol evidence, the rule seems to be that
evidence may be given of a consideration not mentioned in
a deed, provided it be not inconsistent with the considera-
tion expressed in it. 1 Greenl. Ev. § 285, and cases in note *b*.
But whatever the rule deducible from the cases may be, in
respect to the extent to which parol evidence may be ad-
mitted to explain the consideration clause of a deed, the
case seems quite clear on other grounds. No doubt such
evidence is admissible, so far as the clause operates as a
mere receipt for the consideration money, but, as applied
to the instrument in a contractual aspect, a different rule
seems applicable. The consideration of the deed in this
case may be properly said to be the execution and perform-
ance of the mutual obligations of the parties in a previous
written agreement between them under seal, in relation to
the same subject matter; and the true legal effect of the
deed is, no doubt, that it conveys only the lands which the
tracts described in fact contain. *McEvoy v. Loyd*, 31 Wis.
145. The language of the contract in this respect is identi-
cal with that of the deed, and in the absence of fraud or
mutual mistake is conclusive as evidence upon the question
of what the contract in fact was, although it is true, as
already stated, that in a general sense it has been merged
in the deed, so that it cannot now be the foundation of an

action by either party against the other.  Any other view
would throw open to question, upon parol evidence, the
*quantity* of land agreed to be conveyed, although the pre-
liminary contract in that respect was in the same language
as the deed, and was on that account conclusive before the
deed was executed.  The effect of the parol evidence is to
add to the deed a provision it did not contain before, and
the case, in this respect, is not distinguishable in principle
from *Simanovich v. Wood*, 145 Mass. 180, and cases cited,
where it was attempted to show an oral agreement by which
a certain incumbrance was not to be within the covenant
against incumbrances, in which it was held that " while, for
some purposes, it is competent to show what the real con-
sideration of a deed is, a party cannot, under the guise of
showing what the consideration is, prove an oral agreement,
either antecedent to or contemporaneous with a deed, which
will cut down or vary the stipulations of his written cove-
nant.  This would violate the well-settled rule of law which
will not permit a written contract to be varied or controlled
by such testimony."

In the case of *Howes v. Barker*, 3 Johns. 506, where B.,
by articles of agreement, covenanted to sell and convey to
H. a tract of land for £9 per acre, and a deed was ac-
cordingly executed, and the purchase money paid accord-
ing to the quantity·of acres expressed in the deed, it was
held that parol evidence was not admissible to show that
there was a mistake in the quantity mentioned in the deed,
and that an action for money had and received, to recover
back the money paid for the number of acres alleged to be
deficient, was not maintainable.  This conclusion is sup-
ported by very many cases, and among them *Winchell v.
Latham*, 6 Cow. 690; *Baltimore P. B. & L. Society v. Smith*,
54 Md. 187; *Williams v. Hathaway*, 19 Pick. 387; *Miller
v. Fichthorn*, 31 Pa. St. 258; *Harbold v. Kuster*, 44 Pa. St.
392.

While the plaintiff, as already noticed, does not allege either fraud or mutual mistake in respect to the quantity of lands in the tracts described, the case was not submitted to the jury on the theory that either had been established, but simply on the basis, as shown by the charge of the court, that if the plaintiff bought, and the defendants sold to him, a given number of acres at a given price per acre, and not a lump contract for a lump price, and the land does not contain so many acres as he bought and they sold, and he has paid for the number of acres bought, then he is entitled to.recover the difference at the agreed price per acre. We think that the evidence objected to was improperly received, and that there was error in instructing the jury as stated.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.