[Sac. No. 602.    Department One.—March 13, 1902.]

## WILLIAM HOFFMAN, Respondent, v. ELIZABETH KIRBY, Appellant.

ACTION FOR DECEIT—PLEADING—FINDINGS.—A complaint in an action to recover damages for deceit and fraud, which alleges, in effect, that the plaintiff was induced to purchase land by the false representations of the defendant as to her title thereto, which she knew to be false, and which were made by her with intent to deceive, and that she had no title to a portion of the land conveyed of a specified value, states a cause of action; but where there is no finding that defendant knew her representations to be untrue, or that she had no reasonable ground for believing them to be true, or that her deception of the plaintiff was willful, the result is the same as though the complaint were insufficient to show fraud or deceit.

ID.—MISTAKE IN DESCRIPTION OF LAND—REFORMATION OF DEED—WARRANTY.—Where the facts alleged and found, independently of the fraud, show that there was a mistake in the description of the land purchased, the plaintiff is entitled to a reformation of the deed to conform to the intention of the parties; and where the deed is one of warranty it is not necessary that a new suit should be begun on the contract of warranty, but it may be enforced in the same suit under a proper state of the pleadings, proofs, and findings.

ID.—CANCELLATION OF MORTGAGE—FAILURE OF CONSIDERATION—DEFECT IN TITLE—ADVERSE CLAIM.—Where the specific object of the suit was to cancel a mortgage given for the unpaid purchase money in whole or in part for a failure of consideration, owing to a defect in the title, the suit may be regarded as one to determine an adverse claim "for money or property upon an alleged obligation," under section 1050 of the Code of Civil Procedure; and under a proper state of the pleadings, proofs, and findings, the court may determine

the amount of the recoupment to which the plaintiff is entitled, and may reduce the note and mortgage for the purchase money accordingly.

ID.—BREACH OF WARRANTY—MEASURE OF DAMAGE—INSUFFICIENT PROOF AND FINDINGS.—There being a breach of warranty under the contract of the parties, who intended to include all of the land in a certain inclosed ranch, instead of the land described, the measure of damages for breach of the warranty is "such proportion of the price as the value of the property affected by the breach bore, *at the time of the grant,* to the value of the whole property"; and where there is no proof or findings from which that value or proportion can be determined, a judgment for the present value of the property to which the title was defective cannot be supported.

ID.—TITLE SUBJECT TO ADMINISTRATION—UNCERTAIN DAMAGES.—Where it appears that the defendant is part owner of the land in question, subject to administration, and that it is uncertain whether upon distribution the plaintiff will receive one half or all of such land, the damages or amount of recoupment cannot be determined in advance of such distribution, and it may be that plaintiff will be entitled to no abatement of the purchase price, after the deed is reformed, to express the real intention of the parties, and after distribution of the estate is had.

APPEAL from a judgment of the Superior Court of Lassen County.  F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

Goodwin & Goodwin, and J. E. Pardee, for Appellant.

Spencer & Raker, and H. D. Burroughs, for Respondent.

THE COURT.—This suit grew out of the attempted purchase by the plaintiff of a tract of land in Lassen County, referred to in the complaint as the "Kirby ranch," and by both parties as the "Kirby inclosure," which was formerly the property, and supposed homestead, of the defendant's deceased husband, Henry Kirby.  The agreement of the parties was for the sale of this property to the plaintiff, for the sum of fifteen hundred dollars—five hundred dollars in cash, the balance to be secured by mortgage.  The defendant, it is found, represented to the plaintiff that she had, and would convey good title; and the plaintiff was induced by these representations to believe that such was the case, and otherwise would not have purchased.  In fact, however, two pieces of land

aggregating about twenty acres, and separating the remainder of the land into two disconnected parts, did not belong to the defendant, but to the estate of her deceased husband, of which she was the administratrix; and her representations to the contrary, it is found, were in fact false, and were "not warranted by the information then in possession of the defendant." The deed (which was a warranty deed), and also the mortgage, were, by the mutual mistake of the parties, or, as alleged in the complaint, by the mistake of the plaintiff, induced by the fraud of the defendant, so drawn as to exclude the two pieces referred to. The origin of the mistake was, that the lands in the inclosure other than the two pieces referred to were parts of two government subdivisions of land patented to Kirby some time prior to February 19, 1892 (the date of the homestead referred to), and that these pieces were subsequently acquired by him in exchange for parts of the patented land, the result being the acquisition by him of all the land in the Kirby inclosure, and the transfer to others of the lands outside of it. In the homestead subsequently filed, which was the source of the defendant's title, the exchanges that had taken place were, by mistake, ignored, and the land described according to the patents. The court found the value of the excluded land to be seven hundred dollars, and that plaintiff was damaged in that amount. The judgment was for this sum and costs, which, it was adjudged,—unless the defendant within thirty days should make good the title by a sufficient conveyance, and pay the costs,—should be credited on the plaintiff's note and mortgage. The appeal is from the judgment, and the points urged on behalf of the appellant are: That the complaint is insufficient to show a cause of action; that the findings do not support the judgment; and that the evidence was insufficient to justify the findings.

The objections to the complaint go, exclusively, to its sufficiency regarded as a complaint in a suit for damages for deceit or fraud. In this regard, the complaint alleges in effect that the plaintiff was induced to purchase by the false representations of the defendant, which she knew to be false, and which were made by her with intent to deceive; and we have no doubt of its sufficiency. (Civ. Code, secs. 1709, 1710; *Daley* v. *Quick,* 99 Cal. 185; *Nounnan* v. *Sutter County Co. etc.,* 81 Cal. 6; *Hanscom* v. *Drullard,* 79 Cal. 238.) There is, however,

no finding that the defendant knew her representations to be untrue, or that she had no reasonable ground for believing them to be true, or that her deception of the plaintiff was willful; and the result is therefore the same as though the complaint were insufficient to show fraud or deceit.

But independently of the alleged fraud, if the facts alleged and found are such as to entitle the plaintiff to relief on any ground, it will be sufficient. (Code Civ. Proc., sec. 580.) And, as indeed seems to be admitted by the appellant, if, as alleged and found, there was a mistake, the plaintiff is entitled, at least, to a reformation of the conveyance. But it is claimed that he is entitled to no more in this case, and that his only remedy is a new suit on the warranty, after the deed is reformed.

But this contention, we think, cannot be admitted. The specific object of the suit was, not to reform the deed, but to cancel the mortgage, either in whole or in part; and it may therefore be regarded most properly as a suit, under section 1050 of the Code of Civil Procedure, to determine "an adverse claim . . . for money or property upon an alleged obligation." Here it appears plainly that to the extent of the value of the lands to which the title failed, there was no consideration for the plaintiff's obligation, or, rather, there was a failure of the supposed consideration, which in a suit on the obligation could be effectually pleaded in recoupment of the amount. Nor can it be doubted that what in such a suit would be available as a defense is equally available as an affirmative cause of action in a suit, like this, to determine the claim based on the obligation. We have no doubt, therefore, that in a proper case the court might determine the amount of recoupment to which plaintiff would be entitled, and reduce the note and mortgage given for the purchase money accordingly. But such relief, we think, was not appropriate in the present case.

The findings as to the damage sustained by the plaintiff are insufficient; nor are they justified by the evidence. The deed executed by the defendant contained a warranty of the title, and was intended to include all the land in the inclosure. The measure of damages, therefore, as determined by the agreement of the parties, is that prescribed by section 3304 of the Civil Code for cases of breach of warranty; and the detriment

suffered by the plaintiff "is deemed to be . . . such proportion of the price as the value of the property affected by the breach bore *at the time of the grant* to the value of the whole property." But there is nothing in the findings from which this can be determined. It is indeed found that "the plaintiff is damaged in the full sum of seven hundred dollars"; but from the specific reasons stated for this conclusion, it does not appear to be based on the elements of damage specified in the code, but, rather, the contrary appears. It is also found that the present value of the two omitted pieces of land is seven hundred dollars, but it is not found what it was at the date of the deed, or what proportion its value bore to the value of the whole property; nor is there any finding from which this may be deduced. It is indeed found that the value of the remaining part of the ranch at the time of the purchase "was not more than eight hundred dollars"; but it appears from the memorandum of agreement between the parties, that there was sold, for the sum agreed on (fifteen hundred dollars), along with the ranch, personal property of considerable value; and hence that the value of the part of the land to which the title failed might have been considerably less than seven hundred dollars.

Again, it appears from the evidence in the transcript that the defendant is part owner, and apparently half owner, of the two pieces of land in question subject to administration; and it may be that the plaintiff's loss will not extend to more than that of half the land, which would reduce the damages accordingly; or it may even be that on distribution the whole of the two pieces may fall to the defendant's share, in which case the plaintiff would be entitled to no abatement of the purchase price.

It follows that the judgment in its present form cannot be sustained. Nor is it practicable in the present suit to determine the amount of the recoupment to which the plaintiff may in the future be entitled. The only relief that can be given the plaintiff under the present condition of the pleadings is that the deed be reformed so as to express the real intent of the parties with reference to the property to be included therein. If the plaintiff would have an adjustment of the obligation against him created by his mortgage with the liability incurred by the defendant by reason of the erroneous description of the

property, an amendment of the pleadings therefor will be necessary.

The judgment is therefore reversed and the cause remanded to the superior court, with leave to the plaintiff to amend the complaint if he shall be so advised.