MAYLAHN, Appellant, vs. HANELT, Respondent.

*November 26—December 13, 1907.*

*Boundaries: Government subdivisions: Quantity of land: Presumptions: Deeds: Description by government subdivisions: Construction.*

1. Where the government plat of a survey of public lands names the acreage of certain forties in a section and indicates, in part, the measurement of their external boundaries, and there are no figures marked on the plat indicating the quantity of land nor the dimensions of the other subdivisions of the same section, the latter subdivisions are *held* to be of the standard dimensions adopted by the United States in the survey of public lands.

2. In the government survey of sections of the west tier in the township, the excess over or deficiency under 640 acres is thrown into the tier of forties in the west side of such sections.

3. A deed of lands, described by government subdivisions of a section, is not intended to convey the mathematical part of the section mentioned in the deed, but only to convey such parts of the section as are delineated upon the government plat as the subdivisions called for.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This is an action of ejectment tried before the court and a jury.  At the close of the testimony the court ordered a nonsuit, and judgment was rendered in favor of the defendant dismissing the complaint with costs, from which this appeal was taken.  The error assigned is in granting the nonsuit.

For the appellant the cause was submitted on the brief of *Albert H. Krugmeier.*

*J. Elmer Lehr,* for the respondent.

KERWIN, J.  It appears from the undisputed facts that on the 6th day of February, 1882, one Christian Saiberlich conveyed to appellant certain real estate described in the deed as follows:

"The east one-half of the southwest quarter and the southeast quarter of the northwest quarter, less the north ten acres thereof, all of section 18, town 22, range 17, containing 110 acres more or less, according to the government survey."

Under this deed the appellant claims the strip of land in controversy, which is described in the complaint as "the west seven (W. 7) acres more or less of the east one-half (E. $\frac{1}{2}$) of the south eleven-sixteenths (S. $\frac{11}{16}$) of the west one-half (W. $\frac{1}{2}$) of section eighteen (18), town twenty-two (22) north, range seventeen (17) east, intending to include all the land lying between a certain fence running north and south, and the center line of the west half (W. $\frac{1}{2}$) of section eighteen (18), town twenty-two (22) north, range seventeen (17) east, in the county of Outagamie and state of Wisconsin."  This strip is located wholly west of the east line of the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ and the W. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of said section 18 as delineated on the government plat.  At the time of the execution of the deed above mentioned to the appellant there was on file in the United States land office at Wausau the United States government plat of section 18, town 22, range 17, which plat was put in evidence on the trial.  A reference to this plat shows that the north line of the

N. W. ¼ of the N. W. ¼, section 18, is given as 23 chains, and the south line of the S. W. ¼ of the S. W. ¼ is given as 22 $\frac{50}{100}$ chains, and there is also indicated on this plat the number of acres in each of the four forties upon the west side of the section, namely: The N. W. ¼ of the N. W. ¼, 45.87 acres; the S. W. ¼ of the N. W. ¼, 45.62 acres; the N. W. ¼ of the S. W. ¼, 45.37 acres; and the S. W. ¼ of the S. W. ¼, 45.12 acres. No figures are marked upon the plat indicating the quantity of land in the balance of the section nor the dimensions of other subdivisions of the section. It is obvious, therefore, upon well-settled principles that the other subdivisions of the section as indicated upon the plat are the standard dimensions adopted by the United States in the survey of public lands. It follows, therefore, that the E. ½ (so called) of the S. W. ¼ as surveyed by the government and indicated upon the plat measures twenty chains by forty chains and contains eighty acres, while as indicated and marked upon the plat the north and south lines of the W. ½ (so called) of the same quarter-section measure over twenty-two chains. So it is perfectly obvious that in the government survey of this section the surplus land in excess of the 640 acres was thrown into the tier of forties on the west side of this section, making them in excess of the standard acreage as heretofore indicated. This is the rule recognized by this court. *Jones v. Kimble,* 19 Wis. 429. The question, therefore, arises whether the appellant under his deed is entitled to the strip of land or any part of it lying west of the subdivisions mentioned in his deed as indicated and delineated upon the government plat.

We think it very clear under his deed that the west line of his property extended only to the line delineated on the government plat marking the east line of the west tier of forties in said section. *McEvoy v. Loyd,* 31 Wis. 142; *Docter v. Hellberg,* 65 Wis. 415, 27 N. W. 176; *Ohlert v. Alderson,* 86 Wis. 433, 57 N. W. 88; *Neff v. Paddock,* 26 Wis. 546.

The deed did not, nor was it intended to, convey a mathematical one-half of the quarter-section or quarter-quarter-section mentioned in the deed, but only to convey such parts of the government subdivisions as were delineated upon the government plat as the E. ½ of such subdivisions. It also appears from the evidence that the quantity of land in the portions of the subdivisions conveyed to the appellant according to the government plat was about 110 acres, and this was the quantity of land stated in the deed to appellant. So it seems clear from the evidence that the appellant has shown no title to the strip of land in dispute in this action. It follows, therefore, that the judgment below was right and must be affirmed.

*By the Court.*—Judgment affirmed.