[L. A. No. 3669. In Bank.—June 23, 1917.]

# B. L. HARDING et al., Respondents, v. H. W. ROBINSON et al., Appellants.

VENDOR AND PURCHASER — CONTRACT — PAROL EVIDENCE — AMBIGUITY.— Where in a written contract for the sale of land there is no extrinsic ambiguity, parol evidence is not admissible to explain away an ambiguity, and section 1860 of the Code of Civil Procedure and section 1647 of the Civil Code cannot be successfully invoked to support the reception of such evidence.

ID.—SALE IN GROSS.—A contract for the sale of land which describes the land by metes and bounds and names the purchase price without reference to quantity is simply a sale in gross.

ID.—DEED—MISTAKE AS TO ACREAGE—RELIEF.—A mistake as to the number of acres set forth in a deed affords no ground of action by either party against the other, unless it be made to appear beyond controversy by clear and positive testimony that quantity constituted one of the principal conditions of the contract, and did not operate merely as an inducement to the purchase.

ID.—MISREPRESENTATION AS TO ACREAGE—RECOVERY OF PART OF PRICE— PLEADING—INSUFFICIENT COMPLAINT FOR FRAUD.—In an action by a purchaser of land to recover a part of the price paid on the ground of misrepresentation as to the acreage, the complaint is wholly insufficient to support a judgment for fraud, where it is simply alleged that the vendor represented that the tract contained a certain number of acres, without alleging that the representation was made in a manner not warranted by the information of the vendor at the time of making it, or that the circumstances were such that the purchaser was entitled to rely upon the representation, or that the vendor made the same either with intent to deceive or with intent to induce the purchaser to enter into the contract.

ID.—RELIEF FOR MISTAKE—MUTUALITY.—A mistake, to justify the modification of a contract, cannot be established by a party who has accepted and acted upon the contract, by a mere showing that he thought the contract expressed something other than that which its plain terms denote, since he must show in addition the mutuality of the mistake.

ID.—CONSIDERATION—PROOF BY PAROL EVIDENCE—EXCEPTION.—Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration, and is of a contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, such part of the contract can be no more changed or modified by parol or extrinsic evidence than any other part.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Carter, Kirby & Henderson, and E. W. Sargent, for Appellants.

Frank J. Thomas, Irving M. Walker, and E. A. Meserve, for Respondents.

HENSHAW, J.—The essentials of this controversy may be thus stated: Plaintiff Lombard desired to purchase a tract of land owned by defendant Robinson. They entered into a written agreement providing for the placing in the hands of the defendant, Title Guarantee and Trust Company, certain papers accompanied by instructions governing the conduct of the escrowee in regard thereto. In brief, this agreement was as follows: Lombard was to pay a certain amount in cash and execute a series of promissory notes each for one thousand dollars falling due a month apart. A deed to the property was to be executed by Robinson to Lombard and a trust deed from Lombard to the Title Guarantee and Trust Company of the same property securing the payments of these promissory notes as they fell due. The property was described by metes and bounds with no reference to acreage. The total purchase price was fifteen thousand dollars. The contract was executed to the extent of making the first payments, followed by the delivery of the trust deed and the promissory notes until there fell due the two last notes payable on August 12 and September 12, 1912. These Lombard refused to pay, basing his refusal upon the ground that he had purchased the land on Robinson's representation that it contained fifteen acres and that he was buying the land upon this representation, agreeing to pay therefor one thousand dollars an acre; that a survey made subsequent to his purchase disclosed that the land contained but thirteen and a fraction acres. Upon Robinson's refusal to acquiesce in this Lombard brought this action.

In his complaint Lombard averred, and these are all the averments material to this consideration, that "he agreed

to pay for said real property the sum of one thousand dollars per acre''; that after he had obtained title to the property and had given the trust deed to secure the payment of the unpaid portion of the purchase price he caused a survey of the property to be made which disclosed that the total acreage was 13.5 acres; that immediately he so notified Robinson and made demand upon him for a cancellation or a credit upon the unpaid promissory notes to the amount of one thousand five hundred dollars; ''that at the time of and before the purchase of said property said defendant, H. W. Robinson, represented to said plaintiffs that said property contained fifteen acres. That said plaintiffs relied upon said representations as to the quantity of land contained in said property, and said H. D. Lombard was, by said representations, induced to purchase the same and to pay to said H. W. Robinson said sum of fifteen thousand dollars as hereinbefore alleged. That as hereinbefore particularly set out and alleged said sale by said H. W. Robinson and said purchase by said H. D. Lombard was made upon the basis of one thousand dollars per acre, and the quantity of said land was one of the principal conditions of said contract of purchase and sale.'' Lombard asked that Robinson and the Title Guarantee and Trust Company be restrained from selling the real property to enforce the payment of the promissory notes and that the notes to the extent of one thousand five hundred dollars, with interest, upon that sum, be canceled, and that the trustee be compelled to convey the real property to Lombard upon the payment, which he tendered, of five hundred dollars with interest.

Defendants answered by denial. The court's findings were in the precise words of the complaint, no more, no less. Its judgment in exactly the same manner followed the prayer of the complaint. From that judgment and from the order denying his motion for a new trial the defendants have appealed. Upon the appeal they take the broad ground that the complaint states no cause of action justifying the court in receiving the parol evidence which it did receive to vary the terms of a written contract; that, notwithstanding the admission of this evidence, it should have been judicially disregarded by the trial court and should be so eliminated from consideration by the appellate court; that the findings following the precise language of the complaint cannot justify

the judgment given for the reasons above stated, and also for the reason that the findings in and of themselves are not sufficient to establish any right in plaintiff to the relief which he sought and obtained. Respondent Lombard makes answer that because his complaint was not demurred to and because much of the evidence was received without objection, and because the findings follow the complaint and are supported by the evidence, the complaint and the findings are sufficient to support the judgment, first, on the ground of fraud, and if this be not tenable, then, second, upon the ground of mistake; and if this be not tenable, then, third, upon the ground that it was open to the plaintiffs to show that the true consideration was something other than that expressed in the contract. These, then, are the propositions here calling for determination.

1. Fraud. It may be of profit at the outset of this discussion to call to mind briefly some of the fundamental principles governing the interpretation and finality of written contracts. Such a written contract ''supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.'' (Civ. Code, sec. 1625.) When a contract is in writing, the writing itself ''is to be considered as containing all those terms, and therefore there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing, except in the following cases:

''1. Where a mistake or imperfection of the writing is put in issue by the pleadings;

''2. Where the validity of the agreement is the fact in dispute.'' (Code Civ. Proc., sec. 1856.)

''The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.'' (Civ. Code, sec. 1638.)

The truth of the facts recited in a written instrument is conclusively presumed between the parties thereto, or their successors in interest by a subsequent title, but this rule does not apply to the recital of a consideration. (Code Civ. Proc., sec. 1962, subd. 2.) A promissory note is presumed to have been given for a consideration, but the presumption is controvertible. (Code Civ. Proc., sec. 1963, subd. 21.) There is no extrinsic ambiguity in this contract.

Indeed, there is no ambiguity at all in the writings involved on this appeal. Hence, parol evidence was not admissible to explain away an ambiguity. Therefore, section 1860 of the Code of Civil Procedure and section 1647 of the Civil Code cannot successfully be invoked to support the rulings of the trial court in the reception of parol evidence. With these incontestible principles of law before us we may come to the specific consideration of the question of fraud, and, herein, the first fact appearing beyond dispute is that the written contract evidenced a sale of land in gross without the slightest suggestion that the matter of acreage was in contemplation of the parties. It describes a given tract of land by metes and bounds and names the purchase price of that tract as fifteen thousand dollars. The matter of quantity is not even remotely referred to in the contract, and it was, as we repeat, simply a sale in gross. (39 Cyc. 1311; *Ohlert* v. *Alderson,* 86 Wis. 433, [57 N. W. 88] ; *Wadhams* v. *Swan,* 109 Ill. 46.) Even where acreage had been set forth in the deed and where the action was in fraud to set aside the deed because of the false representations made by the grantee in possession before the deed was executed to him, this court has said that a mistake as to the number of acres ''affords no ground of action by either party against the other unless it be made to appear beyond controversy by clear and positive testimony that quantity constituted one of the principal conditions of the contract and did not operate merely as an inducement to the purchase.'' (*Commissioners* v. *Younger,* 29 Cal. 172.)

What, then, the court did and what respondents contend it was justified in doing was, in essentials, to reform this contract for fraud. Yet, no fraud whatsoever is charged in the complaint. Indeed, so inefficient is the pleading to state such a cause of action that the appellants would have been well justified in believing that designedly it did not intend to charge fraud. Fraud, actual, is defined in section 1572 of the Civil Code. It lies in the commission of one or another of the enumerated acts done ''by a party to the contract . . . with intent to deceive another party thereto or to induce him to enter into the contract.'' Those acts are:

''1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;

"2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;

"3. The suppression of that which is true, by one having knowledge or belief of the fact;

"4. A promise made without any intention of performing it; or,

"5. Any other act fitted to deceive."

This complaint simply states that the grantor "represented to said plaintiffs that said property contained fifteen acres." It is not charged that this assertion was made in a manner not warranted by the information of the grantor at the time of making it. It is not alleged that the circumstances were such that Lombard was entitled to rely upon the representation, and above all, there is the vital omission to charge that Robinson made this representation either with intent to deceive Lombard or with the intent to induce him to enter into the contract. Such an allegation is essential to a charge of fraud. Without it, as fraud is never presumed but must be both pleaded and proved, no charge whatsoever of fraud is preferred. "The material ingredient of actual fraud is the fraudulent intent and this must be charged as one of the facts constituting the fraud." (*Feeney* v. *Howard,* 79 Cal. 525, [12 Am. St. Rep. 162, 4 L. R. A. 826, 21 Pac. 984]; *Woodroof* v. *Howes,* 88 Cal. 184, [26 Pac. 111]; *Estate of Benton,* 131 Cal. 472, [63 Pac. 775]; *Hodgkins* v. *Dunham,* 10 Cal. App. 690, [103 Pac. 351].)

As the complaint is totally insufficient to raise an issue of fraud, so, also, are the findings totally insufficient to establish fraud, for as said in *Hoffman* v. *Kirby,* 136 Cal. 26, [68 Pac. 321]: "There is, however, no finding that the defendant knew her representations to be untrue or that she had no reasonable ground for believing them to be true or that the deception of the plaintiff was willful, and the result is therefore the same as though the complaint was insufficient to show fraud or deceit." (See, also, *Estate of Benton,* 131 Cal. 472, [63 Pac. 775]; *Bane* v. *Peerman,* 125 Cal. 220, [57 Pac. 885]; *Fay* v. *Reed,* 128 Cal. 357, [60 Pac. 927]; *Buckman* v. *Hatch,* 139 Cal. 53, [72 Pac. 445].) Wherefore, we have in the case at bar a complaint which fails to tender the issue of fraud and findings not declaring in fraud and wholly insufficient to support a judgment based on fraud. The presumption

the respondent invokes to the effect that a man is presumed to know the acreage of his land is purely an evidentiary one. It cannot be called in to help out a defective pleading, nor to help out a finding insufficient to establish fraud, for again will always arise the fact that fraud is never presumed and must always be pleaded and established, especially where the extraordinary power of the court is appealed to to set aside or modify a written contract. (*Colton* v. *Stanford,* 82 Cal. 398, [16 Am. St. Rep. 137, 23 Pac. 16].)

And to the final contention of the respondents on this point that it will be conclusively taken against these appellants that issue was joined upon the ground of fraud duly alleged because evidence upon the question was admitted and considered by the court, here, waiving the declaration just announced that even if all this were so, the findings which the court made were wholly inconclusive to establish this asserted fraud, there is this to be said. Section 1625 of the Civil Code and section 1856 of the Code of Civil Procedure do more than declare rules of evidence. They lay down positive, substantive law. "These sections declare a rule of law so long and so well established that it is needless to cite further authorities in its support." (*Pierce* v. *Edwards,* 150 Cal. 650, [89 Pac. 600].) "According to the · modern and better view, the rule which prohibits the modification of a written contract by parol is a rule, not of evidence, but of substantive law." (*Pitcairn* v. *Philip Hiss Co.,* 125 Fed. 110, [61 C. C. A. 657] ; 1 Greenleaf's Evidence, 16th ed., 350a.) By that law the solemn obligations of parties evidenced by their writings may not be modified or set aside for fraud unless the rules of this substantive law in pleading the fraud are duly complied with. Furthermore, when they have not been so complied with, not only is evidence inadmissible to effect such a modification of the contract, but if it be admitted, and that without objection of the opposing party, nevertheless, it is the duty of the court to disregard it utterly in reaching its decision. (*Pitcairn* v. *Philip Hiss Co., supra; Moody* v. *McCowan,* 39 Ala. 586; *Hamilton* v. *New York Cent. R. R. Co.,* 51 N. Y. 100; *Goehrig* v. *Stryker,* 174 Fed. 897.) · As said by the supreme court of Alabama, this evidence "is against law; the silence of the opposing party does not cure its illegality, and the court is bound, *mero motu,* to treat it as having no validity." (*Moody* v. *McCowan,* 39 Ala. 586.)

And, as says the court of appeals of New York: "It does not follow that the omission to object to testimony is a concession that it is competent." (*Hamilton* v. *New York Cent. R. R. Co., supra.*) Upon the ground of fraud, therefore, this judgment is in no wise sustained.

2. Mistake. Quite as inefficient and inefficacious are the complaint and findings to support this judgment upon the ground of mistake. The mistake of which a party to a written contract may be heard to complain in equity can arise in only one of three ways. First, it may be a mistake of law as declared in section 1578 of the Civil Code, which, of course, is not the mistake here meant. Second, it may be a mistake entertained by the plaintiff with the knowledge of the defendant arising under circumstances which impose the duty upon the defendant to correct the plaintiff's error. Defendant's failure to do so is itself a species of fraud and is treated as fraud, and under our definitions, therefore, falls in the category of fraud and not of mistake. The third species of mistake is that defined in section 1640 of the Civil Code, which declares that "when, through fraud, mistake, or accident, a written contract fails to express the real intention of the parties, such intention is to be regarded, and the erroneous parts of the writing disregarded." In this it is to be noted that the mistake arises from a failure of the contract to express the real understanding and agreement of all parties to it. That failure may arise through fraud, but this character of fraud is not fraud perpetrated to induce the contract but a fraud whereby the terms as agreed upon by the parties are suppressed or misrepresented precisely as they may be omitted or misstated by error or oversight called in that section "mistake or accident." It is with this last character of mistake that we are here dealing, and in this connection must be read and considered section 1856 of the Code of Civil Procedure, *supra,* and in particular its declaration that no evidence of the terms of the agreement other than the contents of the writing can be received except in the following cases: "1. Where a mistake or imperfection of the writing is put in issue by the pleadings." No such mistake is here pleaded. Such a mistake, to justify the modification of a contract, cannot be established by a party who has accepted and acted upon a written contract by a mere showing that he thought the contract expressed something other than that

which its plain terms denote. He must show in addition to that the mutuality of the mistake, that the minds of the contracting parties met, that they agreed upon a certain thing which was to have been embodied in their contract, and that by a mistake it was either fraudulently or inadvertently omitted or clumsily and ambiguously expressed. To the necessity of pleading a mistake it is sufficient to refer, from the multitude, to such cases as *Pierson* v. *McCahill*, 21 Cal. 123; *Murray* v. *Dake*, 46 Cal. 645; *Harrison* v. *McCormick*, 89 Cal. 327, [23 Am. St. Rep. 469, 26 Pac. 830]; *Bradbury* v. *Higginson*, 167 Cal. 553, [140 Pac. 254]; *Carr* v. *King*, 24 Cal. App. 714, [142 Pac. 131]; 17 Cyc. 703. Respondents' reliance upon *Hoffman* v. *Kirby*, 136 Cal. 26, [68 Pac. 321], as a justification for the admission of this parol evidence, is entirely misplaced. In *Hoffman* v. *Kirby*, there was a formal complaint based upon fraud and deceit under which a reformation of the contract was sought. That such a mistake, to justify relief because of it, must be mutual, as this manifestly is not, is recognized by all authorities. (*Allen* v. *Hammond*, 11 Pet. 63, [9 L. Ed. 633]; *Thompson* v. *Jackson*, 3 Rand. (Va.) 504, [15 Am. Dec. 721]; *Carr* v. *Callaghan*, 3 Litt. (Ky.) 365; *Glassell* v. *Thomas*, 3 Leigh (Va.), 113; *Chamberlaine* v. *Marsh*, 6 Munf. (Va.) 283.)

3. Consideration. No better supported than the foregoing is appellants' last contention that the pleadings, proofs, findings, and judgment all may be considered as directed to the matter of the true consideration of the contract, which consideration it was permissible to prove by parol. The well-recognized limitation upon the right of a party to vary by parol evidence the terms of a contract and prove the true consideration is well declared as follows: "Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration, and *is* of a contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part, for the party has the right to make the consideration of his agreement of the essence of the contract, and when this is done the provision as to the consideration for the contract must stand upon the same plane as the other provisions of the con-

tract with reference to conclusiveness and immunity from attack by parol or extrinsic evidence.'' (17 Cyc. 661.) In full accord with this are all our cases: *Bradbury* v. *Higginson,* 167 Cal. 553, [140 Pac. 254]; *Harrison* v. *McCormick,* 89 Cal. 327, [23 Am. St. Rep. 469, 26 Pac. 830]; *Nicholson* v. *Tarpey,* 89 Cal. 617, [26 Pac. 1101]; *McDonald* v. *Poole,* 113 Cal. 437, [45 Pac. 702]; *Pierce* v. *Edwards,* 150 Cal. 650, [89 Pac. 600]; *Germain Fruit Co.* v. *Armsby Co.,* 153 Cal. 585, [96 Pac. 319]; *Peterson* v. *Cahix,* 5 Cal. App. 525, [90 Pac. 948]; *Gladding, McBean & Co.* v. *Montgomery,* 20 Cal. App. 276, [128 Pac. 790]. To the same effect are the well-considered cases of *Ohlert* v. *Alderson,* 86 Wis. 433, [57 N. W. 88], and *Wadhams* v. *Swan,* 109 Ill. 46.

The contention of respondents, if sustained, would result in modifying the contract in important particulars. The contract as it reads binds Lombard to pay fifteen thousand dollars for a described tract of land. The contract as he would have it read, and as the court made it read, would bind him to pay one thousand dollars an acre for the land, the acreage to be determined after sale, and payments to be made in accordance with that acreage when so determined. Under these pleadings this cannot be done.

It follows herefrom that the judgment and order appealed from must be reversed, and it is so ordered.

Melvin, J., Shaw, J., Sloss, J., and Angellotti, C. J., concurred.

Rehearing denied.