[Civ. No. 4799. First Appellate District, Division Two.—March 4, 1925.]

EMOGENE A. CRAIG, Executrix, etc., Appellant, v. R. P. SHEA, Respondent.

[1] FALSE REPRESENTATIONS—ACTION FOR DAMAGES—AMENDMENT OF COMPLAINT—ABUSE OF DISCRETION.—In this action for damages for false representations alleged to have been made by the vendor to the vendee in the sale of a walnut grove, the appellate court

(on appeal from a judgment in favor of plaintiff) having re-cited in its opinion reversing the judgment that plaintiff should be permitted to amend, but no action looking to the amendment of the complaint having been taken until more than three years thereafter, when the action came on regularly for trial, at which time plaintiff's counsel argued that the complaint was sufficient until the court held otherwise, whereupon plaintiff's counsel asked leave to amend and stated item by item the amendments that should be made, the trial court did not abuse its discretion in refusing plaintiff permission to amend.

[2] ID.—FRAUDULENT INTENT—INSUFFICIENT COMPLAINT.—In such an action, where the complaint on its face is an attempt to plead actual fraud, but neither the word "fraudulently" nor any other word or words of similar import is used anywhere in the entire pleading, the complaint does not state a cause of action, and the trial court does not commit error in not allowing plaintiff to introduce any evidence.

(1) 4 C. J., p. 1225, n. 10.   (2) 27 C. J., p. 30, n. 77, p. 33, n. 1, p. 34, n. 17.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Elliot Craig, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Hugo D. Newhouse and Russell P. Tyler for Appellant.

Dryer & Castle and David D. Stuart for Respondent.

STURTEVANT, J.—This is an action to recover damages for false representations alleged to have been made by the vendor to the vendee in the sale of a walnut grove.

The action was commenced in the early part of 1915.   An amended complaint was filed May 26, 1915.   Later the de-fendant answered the amended complaint and thereafter a judgment was rendered in favor of the plaintiff for the sum of $3,750.   An appeal was taken from that judgment and the judgment was reversed.   (*Craig* v. *Shea*, 45 Cal. App. 351 [188 Pac. 73]), on December 31, 1919.   The record does not disclose that any further proceedings were had until the fifteenth day of March, 1923.   From the recitals of the judgment as printed in the clerk's transcript the ac-

2.   See 12 Cal. Jur. 808.

tion came on regularly for trial in the lower court on the
date last mentioned. The record before us is not clear, but,
as we understand from the abbreviated recitals, it appears
that upon the calling of the case for trial the defendant ob-
jected to the introduction of any evidence by the plaintiff
because the amended complaint did not state a cause of ac-
tion. The appellant's counsel did not seriously oppose the
objection; but, in the arguments before the trial court, coun-
sel admitted that the amended complaint was defective and
stated item by item the amendments that should be made.
The objection was sustained. Thereupon counsel asked
permission to amend and stated the amendments which
plaintiff proposed to make. The judgment further recites
that thereafter counsel for defendant moved said court to
enter a judgment of nonsuit because the plaintiff had in-
troduced no evidence and none could be admitted upon a
pleading which did not state facts sufficient to constitute a
cause of action. That motion was granted and the plaintiff
has appealed therefrom.

[1] At this time the appellant complains because the
trial court did not, on March 15, 1923, grant her permission
to amend. She claims that the refusal was an abuse of dis-
cretion. In the first place it will be borne in mind that
the amended complaint on which she attempted to go to
trial is the same pleading that was before this court in
*Craig* v. *Shea, supra.* In writing that decision Mr. Justice
Wood, speaking for the court, said: ''Plaintiff should be
permitted to amend the complaint. It is unnecessary to
lengthen the opinion by pointing out the defects, for they
were discovered by counsel at the time of drawing his pro-
posed findings.'' That language was placed of record De-
cember 31, 1919. Thereafter the plaintiff took no action
looking toward the amendment of her complaint, but slept
on her rights until the action was called for trial the second
time. Then, in the trial court, she first contended that her
pleading was altogether sufficient and continued to maintian
that position until the trial court held otherwise. There-
upon she did, for the first time, ask leave to amend. When
the trial court had denied that permission she took an ap-
peal and in this court in one and the same breath she again
claims that her pleading is sufficient, and in the next breath
she asks that we hold that the trial court abused its discre-

tion in not allowing her to amend. On such a record we do not hesitate in holding that the trial court did not abuse its discretion in refusing the appellant permission to amend. [2] The appellant also complains because the trial court did not allow her to introduce any evidence. In reply to that point the respondent contended in the trial court, and now contends, that the amended complaint does not state facts sufficient to constitute a cause of action.

Plaintiff's allegations purporting to charge fraud are the following:

(1) "That heretofore, to-wit, prior to the 6th day of April, 1914, the defendants were the owners and in the possession of that certain real property situate, lying and being in the County of Los Angeles, State of California, and bounded and described as follows, to-wit: (description) together with improvements thereon consisting of walnut trees, 20 and 40 years old, also certain buildings and other improvements;

(2) "That theretofore, to-wit, on or about the 4th day of April, 1914, the defendants, by themselves and their agents, represented to your affiant that the said walnut trees, located on said property, were about equally divided between 12 and 18 years old. That said defendants further represented that the income from said property ranged from 12% to 18% per annum upon the asking price, to-wit, Thirty Thousand Dollars ($30,000).

(3) "That at all times mentioned in this complaint, your affiant has never been and is not now familiar with or able to determine the age of walnut trees or the comparative value of land planted to walnut trees of the age of 18 or the age of 40 years or more.

(4) "Your affiant avers that on or about the 6th day of April, 1914, plaintiff, having implicit faith and confidence in the honesty of the defendants and in the truthfulness of the representations of said defendants and their agents, and relying upon said representations, purchased said above described property together with the improvements thereon for the sum of Twenty-five Thousand Dollars ($25,000.00).

(5) "That at the time of the purchase of said property hereinabove described, your affiant represented to the agents of said defendants that he knew nothing of the value of walnut property or of the age of trees or of the probable re-

turns of walnut groves, and further represented that he was purchasing said property based upon the representations made to him by said agents.

(6) "Your affiant is informed and believes, and therefore alleges on information and belief, that a portion of said orchard, to-wit, fifteen acres thereof, is planted to trees of the age of over 40 years, the remainder thereof, to-wit, fifteen acres, being planted to trees of the age of over twenty years.

(7) "Your affiant further avers that the annual income from said property for the year ending December 31st, 1914, was less than 4% of the purchase price of said property."

The fourth paragraph above quoted is an allegation that "Your affiant avers that on or about the 6th day of April, 1914, plaintiff ː . . purchased said above described property together with the improvements thereon for the sum of $25,000." The rest of the contents of that paragraph is merely a recital and not an allegation. (1 C. J. 1149.) In paragraph two it is alleged that the defendants "further represented that the income from said property ranged from 12% to 18% per annum upon the asking price, to-wit, $30,000." The complaint contains no allegation that such representation was untrue. The allegations of paragraph seven are a statement of what the income thereafter was and not an allegation as to what the income had been prior to the making of the purchase. In the entire pleading the word "fraudulently" is not used. No words of similar import are used. The pleading on its face is an attempt to plead actual fraud. To plead that cause of action it is necessary to plead a fraudulent intent. (Civ. Code, sec. 1572; *Harding* v. *Robinson,* 175 Cal. 534, 539 [166 Pac. 808], and cases there cited.) The trial court was clearly correct in holding that the amended complaint did not state a cause of action.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.