[Civ. No. 5173. First Appellate District, Division Two.—July 16. 1925.]

## J. WYMAN GAFFNEY et al., Respondents, v. F. GRAF et al., Appellants.

[1] FRAUD—SALES—MODEL OF AUTOMOBILE—REPRESENTATIONS. — The owners of an automobile who represent in negotiations for a sale thereof that it is of a given yearly model when in truth and in fact it is of a different yearly model, are guilty of fraud where they have every opportunity to know the truth of the matter con-tained in their representation as to the model of the car, and they know that the year of the car is an inducing feature to the sale.

[2] ID.—STATEMENT OF FACT—TRUTHFULNESS OF UNKNOWN TO PARTY MAKING—SALES.—When a party makes a positive statement of a fact which he does not know to be true, but which he intends to influence the purchaser to a sale, and these representations are relied upon by the purchaser and the sale is thereby effected, the party is answerable to the purchaser to the same extent as if he had actually known that his representations were false; in other words, a person may not take it upon himself to state as a fact that of which he is wholly ignorant and escape legal

---

1. See 3 Cal. Jur. 817.
2. See 12 Cal. Jur. 747; 12 R. C. L. 337.

responsibility such as would follow if he had known the falsity of the representations.

[3] ID.—APPEAL—RECORD.—Where an appeal is taken from that portion of a judgment which decreed that the cross-complainants should take nothing, all the issues in the cross-complaint must be open for review; and such appeal should be affirmed where the appellants have wholly failed to comply with the provisions of section 953a of the Code of Civil Procedure, in that no portion of the record relating to the cause of action appearing in their cross-complaint has been printed in the brief.

[4] ID.—DAMAGE.—Deceit or misrepresentation without damage does not give a cause of action, the essential element of an action of deceit or fraud being the concurrence of both fraud and damage.

[5] ID.—EVIDENCE—DAMAGE.—In this action wherein defendants, by way of cross-complaint, charged plaintiffs with fraud in an exchange of automobiles, the evidence shows without dispute that the misrepresentation or fraud upon which the defendant relied in their cross-complaint was without damage to them because they lost nothing by it.

(1) 26 C. J., p. 1112, n. 43.   (2) 26 C. J., p. 1112, n. 43.   (3) 3 C. J., p. 1409, n. 26.   (4) 26 C. J., p. 1167, n. 62.   (5) 27 C. J., p. 108, n. 78.

APPEAL from a judgment of the Superior Court of Los Angeles County denying relief to cross-complainants. J. R. Welch, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Wm. C. Jensen for Appellants.

Dave F. Smith, Walter T. Casey, Andreani & Haines and Martin S. Haines for Respondents.

NOURSE, J.—Plaintiffs sued the defendants for damages for fraud growing out of the exchange of two automobiles. The defendants' cross-complaint against the plaintiffs also charges fraud in the same transaction. The trial court found that both parties were guilty of concealment of facts material to the exchange and denied recovery to both. The

4. Necessity for showing of damage to sustain action for fraud, note, 35 L. R. A. (N. S.) 189. See, also, 12 Cal. Jur. 765; 12 P. C. L. 240.

defendants appealed from that part of the judgment "wherein and whereby it is and was decreed that defendants and cross-complainants take nothing in said action." The appeal is based upon a record prepared under section 953a, Code of Civil Procedure.

The facts of the case are that on May 27, 1921, the plaintiffs sold a new Owen Magnetic automobile to defendants for the sum of $7,750, which was covered by a payment of $4,000 in cash and the delivery of a second-hand Daniels automobile, which was taken in the transaction at a valuation of $3,750. This Daniels car was represented to the plaintiffs as being a 1920 model, whereas in truth and fact it was a 1919 model. The allegations of the complaint are that if the Daniels' car had been as represented it would have been of the value of $3,750, but that being a 1919 model it was not worth more than the sum of $1,750. The plaintiffs were automobile dealers and soon after the delivery to them of the Daniels' car they made a sale of it, but the purchaser thereof returned the car to the plaintiffs soon thereafter when he discovered that it was a 1919 model. The plaintiffs canceled their sale with this customer and thereafter sold it as a 1919 model for the sum of $1,500, which it was shown was a fair value for the car at that time.

The fraud on which the defendants relied in their cross-complaint was the concealment on the part of plaintiffs' agent of the fact that the Owen Magnetic car was manufactured by a factory which was at that time in the hands of a receiver. The defendant, F. C. Graf, testified that if he had known that fact he would not have accepted the Owen Magnetic car in the trade. However, it appears from his own testimony, and this is not disputed in any way, that he used the car for a period of five or six months after he had learned that the parent company was in the hands of a receiver and that he then traded this car with $500 in cash for a second Owen Magnetic car manufactured by the same company, which was still in the hands of a receiver, and which was taken in at a valuation of $9,300. It also appears from his testimony that while he was using the car the plaintiffs traded to him he expended about $700 in alterations and repairs. Allowing this in the second trade, it appears that in addition to six months' use of the car which the plaintiffs traded to them the defendants made a

clear cash profit when they traded for a second car of the same make.

[1] On this appeal the appellants frankly concede that they told respondents that the car was a 1920 model and that in truth and in fact it was a 1919 model. They also concede the well-settled proposition that when parties are in *pari delicto* neither one should recover as against the other and that this rule is not modified or altered by reason of the fact that one party sustained more damage than the other. The sole ground of appeal urged by the appellants is that the facts do not justify the finding of the trial court that the allegations of fraud and false representations made in the complaint were true. They insist that it was incumbent upon the respondents to show that the appellants knew that the statements were false or that they made the statements with reckless disregard as to the truth or falsity of them and that they made them with intent to deceive. The plain answer to the appellants is that they had every opportunity to know the truth of the matter contained in their representations as to the model of the car, and that they knew that the year of the car was an inducing feature to the sale.

[2] When a party makes a positive statement of a fact which he does not know to be true, but which he intends to influence the purchaser to a sale, and these representations are relied upon by the purchaser and the sale is thereby effected, the party is answerable to the purchaser to the same extent as if he had actually known that his representations were false. In other words, a person may not take it upon himself to state as a fact that of which he is wholly ignorant and escape legal responsibility such as would follow if he had known the falsity of the representations.

Here it is conceded that the representations as to the model of the car were made by the appellants and that they were false. The proof is without dispute that the appellants either knew them to be untrue or had every opportunity to know the true facts, and thus that they were recklessly made. The essential elements are present in the proof—that the representations were made for the purpose of inducing the respondents to make the change, and that the respondents relied upon them and were induced to make the exchange thereby to their injury.

73 Cal. App.—40

[3] In addition to this, as this appeal is taken from that portion of the judgment whch decreed that the cross-complainants should take nothing, all the issues in the cross-complaint must be open to us for review. The appellants have wholly failed to comply with the provisions of section 953a, Code of Civil Procedure, in that no portion of the record relating to the cause of action appearing in their cross-complaint has been printed in the brief. The only attempt which the appellants have made to comply with the provisions of that section is the printing of a portion of the testimony of one of the defendants which related to the matter of the purchase and registration of the Daniels' car and was confined to the cause of action raised by the original complaint. As the record presented by the appellants does not meet the demands of the statute the judgment should be affirmed under the rule of *Estate of Berry,* 195 Cal. 354 [233 Pac. 330].

[4] But an examination of the typewritten transcript discloses a state of facts under which any recovery by the appellants on their cross-complaint must be denied. It is axiomatic that deceit or misrepresentation without damage does not give a cause of action; that the essential element of an action of deceit or fraud is the concurrence of both fraud and damage. It has been put in another way, that neither fraud without damage nor damage without fraud is sufficient to support an action. (12 R. C. L., sec. 10.)

[5] The evidence in the typewritten transcript shows without dispute that the misrepresentations or fraud upon which the appellants relied in their cross-complaint was without damage to them because they lost nothing by it. It was their claim that the concealment by the respondents of the fact that the parent company of the Owen Magnetic car was in the hands of a receiver was the concealment of a fact which, if it had been known to them, would have impelled them to refuse to accept the car. Notwithstanding this, however, and long after they learned that the company was in the hands of a receiver they continued to operate the car and traded it in for another car of the same make and at a time when the parent company was still in the hands of a receiver. In this trade they made a clear cash profit over the amount allowed in the trade with the respondents, and in addition to this had used the car for their own purposes for

a period of five or six months. This evidence has been pointed out to us by the respondents as conclusively showing the failure of the appellants to make proof of the essential elements of their cross-complaint and the appellants have failed to make any reply thereto. We have not found any evidence in conflict with what has been referred to, and upon. the record it necessarily follows that the appellants failed to sustain by proof the essential allegations of their cross-complaint, and for this reason they were not entitled to recover.

The portion of the judgment appealed from is affirmed.

Langdon, P. J., and Sturtevant, J., concurred.