[Civ. No. 5570.   First Appellate District, Division Two.—June 5, 1926.]

## IVA E. HAMILTON, Respondent, v. J. M. FRENCH et al., Appellants.

[1] FRAUD — EXCHANGE OF REAL PROPERTY — REPRESENTATIONS OF SALESMAN—LIABILITY OF OWNER AND REAL ESTATE BROKER—FINDINGS.—In an action against a duly licensed real estate broker, one of his real estate salesmen, and the prior owner of property taken by plaintiff in an exchange, for damages sustained by plaintiff by reason of fraud and misrepresentation, where it is shown that the defendant real estate broker was acting for the defendant owner in the exchange of her land, and that the defendant salesman was the individual representing said real estate broker in the transaction, said real estate broker and owner are charged with the fraud of said salesman committed on their behalf and in their interest during the course of the employment, of which fraud they accepted the benefits, and a finding that the representations were made by the defendants is sustained, even though the evidence shows that the representations were made by the salesman only.

[2] ID.—RELIANCE UPON REPRESENTATIONS — EVIDENCE — FINDINGS — JUDGMENT—APPEAL.—In such action, where the findings recite that plaintiff was induced to make the exchange by reason of the false representations made to her by defendants, and it is clear from the evidence and from the findings made and the judgment ordered that plaintiff relied upon said false representations and that if any further findings had been made they would have been adverse to defendants, the failure to make such further findings is not a ground for reversal on appeal of the judgment in favor of plaintiff.

(1) 27 C. J., p. 69, n. 26, 30.   (2) 4 C. J., p. 771, n. 58; 27 C. J., p. 71, n. 47, p. 108, n. 78.

APPEAL from a judgment of the Superior Court of Los Angeles County.   F. M. Jamison, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Fredericks & Hanna for Appellants.

1.  See 12 Cal. Jur. 774.
2.  See 24 Cal. Jur. 944.

W. D. Van Nostran for Respondent.

LANGDON, P. J.—This is an appeal by the defendants from a judgment against them in an action to recover damages alleged to have been sustained by plaintiff by reason of the fraud and misrepresentations of the defendants.

The defendant J. M. French is engaged in the real estate business in Los Angeles, as a duly licensed real estate broker, doing business under the fictitious name of J. M. French Company. The defendant F. H. Russell is a real estate salesman, working in the office of J. M. French Company, and the defendant Weta G. Glassell was one of the clients of this office and formerly owned certain land in San Diego County about which the misrepresentations are alleged to have been made.

At the time the misrepresentations are alleged to have been made plaintiff was the owner of a certain house and lot in the city of Los Angeles, which she had listed with the J. M. French Company for sale or exchange at a valuation of $7,500, with the understanding, however, that she would be interested in any offers for the property which would secure her $6,100, the amount it had cost her.

Plaintiff alleged that on or about May 1, 1922, the defendants represented to her that a certain described forty acres of land in San Diego County owned by defendant Glassell was of the market value of $2,500; that it was composed of black, silt loam, was accessible for farming purposes, and could be readily irrigated from a near-by stream. It is alleged that these representations were made to plaintiff for the purpose of persuading her to exchange her Los Angeles property for the forty acres in San Diego County at a valuation of $2,500; that she was inexperienced in the value of real estate and had no knowledge or information concerning the San Diego land or the market value thereof; that she relied upon said representations of defendants, believing them to be true, and relying wholly thereon, was induced to exchange her Los Angeles property for the San Diego property and a $4,000 note, the purchaser of the Los Angeles property to assume a $1,000 mortgage thereon. Plaintiff further alleges that said representations of the defendants were false and fraudulent; that defend-

ants did not believe them to be true and made them to plaintiff with the intention of deceiving her and inducing her to exchange the Los Angeles property as aforesaid, and but for said representations plaintiff would not have made the exchange.

Plaintiff further alleged that after the exchange she learned that said representations made by defendants were false and fraudulent; that said San Diego County land was not and is not worth more than $50; that it is not good for agricultural purposes, and that it is a rocky mountain side, entirely unfit for farming purposes and not susceptible of irrigation, and that plaintiff has been damaged by reason of said misrepresentations in the sum of $2,450.

Judgment was given for the plaintiff in the sum of $1,075, together with interest, from which judgment the defendants appeal.

[1] It is contended that the finding that the representations as alleged were made by the defendants is not sustained by the evidence for the reason that it appears that the representations were actually made by the defendant Russell only. While it is true that Weta G. Glassell and J. M. French did not personally make the false representations to plaintiff, it is beyond dispute that J. M. French Company was acting as agent for defendant Glassell in the exchange of her land, and that defendant Russell was the individual representing J. M. French Company in the transaction. The principals are charged with the fraud of their agent committed on their behalf and in their interest during the course of the employment, of which fraud they accepted the benefits. The defendant J. M. French is not only charged with responsibility for the acts of his agent by virtue of this relationship, but the record discloses that he expressly stated to plaintiff, upon her inquiry, that Mr. Russell was entirely responsible and was truthful and honest in all his dealings and that he, French, would trust him more than anybody he knew, and that plaintiff might depend upon anything he said; that the "deal" was a good one for her and that there was no reason for her to worry about it.

It appears that the objection to this finding is without merit. The transcript evidences the making of the representations repeatedly and urgently by Russell and that he was acting as the agent for the other defendants and made

the representations in the course of his employment; that the plaintiff was entirely inexperienced in business, a widow with small resources and a family of children to raise, who relied absolutely upon defendants, and told them so, over and over again, pleading with them not to take advantage of her in a transaction which involved all her scanty resources; that the defendants, being fully aware of these facts and observing her almost childish reliance upon their judgment and honesty, made numerous representations with absolutely no basis of fact, and urged them upon the plaintiff repeatedly until she made the exchange of the property.

[2] Appellants also urge that the record contains no findings that the plaintiff relied upon the representations; that defendants made them with intent to induce plaintiff to rely upon them; that plaintiff relied solely upon them; that plaintiff acted with prudence in relying upon the representations; that plaintiff was damaged.

It is entirely clear from the evidence and from the findings made that plaintiff relied upon the representations made to her by defendants. While it is not so stated specifically in the findings, they do recite that she was induced to make the exchange by reason of said false representations. Necessary inferences from findings to support a judgment may be drawn upon appeal. (*Hulen* v. *Stuart*, 191 Cal. 562 [217 Pac. 750].) With reference to the points made by appellants as to the absence of the other findings mentioned, the recent case last cited is also an answer. Therein it was said: "From the facts found and from the judgment ordered, it is evident, in the light of the entire record, that if more complete findings had been made they would have been adverse to the contentions of the appellant. If that be so, the failure to find further is not a ground for the reversal of the judgment."

It may also be said that with reference to a finding on damages, while the arithmetical calculations have not been made in the findings, all the facts and figures are found which enter into the determination of the amount of damages. It is found that plaintiff's property was reasonably worth $6,100 and was subject to a mortgage of $1,000; that she received in exchange therefor a note for $4,000 and the San Diego land, which was worth not to exceed $50. This would make her damage at least the sum of $1,050. It is

also found that plaintiff paid defendants a commission of $375 for acting as her agent in this transaction, which was estimated upon a valuation of $7,500 for her property. The balance of the judgment, $25, was doubtless to cover her refund upon this item, and it would seem that if any discrepancy occurred in estimating this amount, it is in favor of appellants.

There are no errors in the record calling for a reversal of the judgment, which appears to have done justice between the parties.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.