[Civ. No. 6798. Second Appellate District, Division Two.—July 1, 1931.]

L. WHITE, Respondent, v. G. W. SARFF et al., Appellants.

Whitson & Sims for Appellants.

Leo Freund for Respondent.

CRAIG, J.—The appellants, a licensed realtor and his surety, respectively, have appealed from a judgment rendered in favor of a purchaser of a leasehold estate. ▮ They also appealed from orders denying a motion for a new trial, and a motion to vacate the judgment. The appeal from said orders being unauthorized by the statutes, it will be dismissed. (*Chaplin* v. *Amador*, 93 Cal. App. 358 [269 Pac. 544].)

In response to a published advertisement in one of the metropolitan newspapers, White communicated with Sarff, and was assured by the latter that he had for sale a lease on a cafe in the city of Los Angeles; and that the representations in said advertisement that it was a five-year lease, that the lessee had on deposit as security therefor the sum of $400, that the agent would sell the same for a specified price, including such deposit, and that investigation was invited, were true. Subsequent negotiations resulted in a purchase by respondent. Previously to the execution of the transfer White questioned the responsibility of the owner, and demanded of Sarff, "if you are sure everything is as you represent, you won't hesitate a minute to sign the bill of sale". The conveyance was prepared, reciting that it included the "lease on building No. 5511 Santa Monica Blvd., Hollywood, Calif., and all deposit up on lease. Lease in force now and to continue for 3 or more years at $175 per month". It was executed by the lessee and by Sarff. It developed after the sale, and the owner of the property testified, that he did not know the broker, that no lease of the premises existed, that he had not been asked, nor had he promised, to execute a lease; and that no amount of deposit had been held by him at the time in question.

▮ Appellant contends that the evidence was not sufficient to justify or to support findings by the trial court that respondent made the purchase upon representations of the broker, that because thereof he paid the consideration; and that said representations were false, fraudulent and untrue, that they were made to deceive, or that they were known to the broker to have been untrue. There is no merit in this contention. ▮ The broker, having made positive statements of facts which, if not known to be true,

were intended to influence the purchaser to buy, and were relied upon by the latter, must be held answerable therefor to the same extent as if he had known that they were false. (*Gaffney* v. *Graf*, 73 Cal. App. 622 [238 Pac. 1054].)

Section 7a of the Real Estate Brokers' Act (Stats. 1919, p. 1252), as amended (Stats. 1929, p. 228), expressly affords an injured party a right of action for a failure of the broker to perform his duties or to comply with the provisions of said act. Section 2 (Stats. 1929, p. 223), thereof embraces leasing or sales of leases upon real property, and such an agent is especially enjoined from the making of any false promise of a character likely to influence, persuade or induce another to act to his detriment. The findings of fact were not unwarranted. (*Nittler* v. *Continental Casualty Co.*, 94 Cal. App. 498 [271 Pac. 555, 272 Pac. 309].)

The judgment is affirmed. The appeal from intermediate orders is dismissed.

Works, P. J., and Archbald, J., *pro tem.*, concurred.