[L. A. No. 13224. In Bank.—September 15, 1933.]

B. J. MOREY, Respondent, v. THADDEUS F. BOVEE, Appellant.

Drumm, Tucker & Drumm for Appellant.

L. F. Coburn for Respondent.

PRESTON, J.—In this action to recover damages resulting from alleged fraud and misrepresentation practiced by defendants on plaintiff in connection with an exchange of real properties, judgment was rendered in favor of plaintiff and against defendant Thaddeus F. Bovee. Said defendant appealed. The court below found the facts material to this discussion to be substantially as follows:

Plaintiff owned two apartment houses in Los Angeles, which he desired to exchange for real property in Orange County. Defendants owned an orange grove in said county. The parties were brought together through the efforts of two licensed realtors. On July 16, 1930, plaintiff, with his son and said realtors, called at the ranch residence of defendants; the parties met; terms of exchange were discussed and plaintiff walked some distance over the ranch property and inspected it. The evidence which supports the find-

ings of fraud and misrepresentation is found in conflicting accounts, given by witnesses upon trial of the cause, as to the conversation had at this meeting. This evidence was sufficient, however, to warrant the court in concluding that plaintiff was induced to enter into the exchange wholly by the false and fraudulent statements and representations of appellant and of his agents to the effect that there were 23 acres of Valencia orange trees standing upon the land, 3 acres of walnut trees and 4 acres of lemon trees, whereas there were in truth and fact but 17.899 acres of orange trees, 4.02 acres of lemons and 3.507 acres of walnuts, the balance of the 30.002 acres comprising said ranch consisting of road and railway rights of way, house site, vacant land, etc.

A short time after the above-mentioned meeting defendants inspected the apartment house properties of plaintiff and thereafter and on July 23, 1930, the terms of the transfers were placed in writing. Plaintiff paid off a mortgage of $5,000 on part of the property he was to receive and placed $12,500 in escrow for the benefit of appellant. Possession of the properties was exchanged on August 7, 1930. A few days later plaintiff and appellant called at the bank to examine their respective guaranties of title. Plaintiff testified that when he saw the map attached to the title guarantee for the Orange County property he became aware for the first time that there was something amiss with his idea of the boundary lines of the orange grove. He immediately made a more minute inspection of the property and in the latter part of August had it surveyed, which survey resulted in discovery of the aforesaid shortage in the acreage planted to orange trees. The court found that the value of the property received by plaintiff was $76,000; that had said property been as represented by appellant, its value would have been $88,600; hence plaintiff had been damaged in the sum of $12,600 and was entitled to judgment in that amount less certain set-offs in favor of appellant.

Appellant's main contention is that plaintiff could not have been misled by and should not have relied upon the statement that there were 23 acres of oranges, 4 of lemons and 3 of walnuts, because plaintiff had been told and knew, not only from the oral negotiations, but definitely from the written instruments, that he was to get but a 30-acre ranch and he had seen with his own eyes that the entire acreage

was not planted to trees but that some of it at least was in use for a home site, railway right of way, roads, etc. At most, appellant urges, plaintiff might have been misled as to the existence of vacant land across the track, which covered less than two acres. Appellant also pleads the insufficiency of the evidence in general to support the findings and judgment.

We are not disposed to indulge in a lengthy discussion of the numerous contentions urged by appellant. It appears that the evidence is sufficient to support the findings in every particular. The misrepresentation of orange acreage, to the full extent of the shortage discovered, was a material factor in inducing the exchange, as the real value of the ranch to plaintiff lay in the land which he would receive planted to these trees. Although he knew, and the written instruments showed, that he would receive but 30 acres "more or less", neither the property description nor his inspection of the ranch could have divulged to him the number of acres planted to orange trees. The court properly based its award of damages on sufficient and competent evidence relative to the difference between the actual value of the property and the value it would have had if it had been as represented. ■ Furthermore, there was no error in admitting evidence of the parol representations as to the fruit acreage for these representations induced execution of the written instruments.

■ It was not incumbent upon plaintiff to attempt to rescind upon discovery of the fraud. The transaction had been partially completed. He therefore had an election of remedies; he could either rescind or complete the exchange and sue for damages. He elected the latter remedy.

The several remaining points made by appellant, relative to errors in admission and exclusion of evidence, agency of the realtors, etc., will not be separately discussed. We have examined the record with care and find that appellant suffered no prejudice whatsoever in any of his substantial rights. The action of the court below has ample support in the record.

The judgment is affirmed.

Thompson, J., Langdon, J., Curtis, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.