[Civ. No. 12781.   Second Dist., Div. Two.—May 7, 1941.]

H. H. SPRINGER, Respondent, v. ANGELES CREDIT COMPANY, LTD. (a Corporation), et al., Appellants.

J. Everett Blum, John Moore Robinson and Ralph W. Smith for Appellants.

Dailey S. Stafford and William H. Haupt for Respondent.

McCOMB, J.—From a judgment awarding damages in favor of plaintiff, after trial before the court without a jury, in an action based upon fraud and to rescind a contract, defendants appeal.

Defendants rely for reversal of the judgment on these propositions:

*First: There is no substantial evidence to sustain the following findings of the trial court:*

*(a) Plaintiff purchased a business including the fixtures and stock in trade of defendant Palmer's drug store.*

*(b) "It is true that for the purpose of inducing plaintiff to purchase the said business, its fixtures, and stock in trade, as aforementioned, and with intent to deceive and defraud the plaintiff, the said defendants in the preceding paragraph named and Angeles Credit Company did falsely and fraudulently represent to plaintiff that the said drug store and soda fountain business as then and theretofore conducted by the defendant Walter E. Palmer had been and was then a profitable business, and had theretofore and was then and there doing such a volume of business that the gross income therefrom had for some time prior thereto been, and was then and there of the amount of not less than the daily average of Sixty ($60.00) Dollars, from the sales of goods, wares and merchandise and resulting from the operating of the soda fountain in said store and place of business. And the court finds that for the further purpose of inducing plaintiff to purchase the said business, its fixtures and stock in trade, as aforementioned, and with intent to deceive and defraud the plaintiff and to prevent him from making inquiry of the falsity of said representations aforementioned, the said defendants did cause,*

*procure and induce the plaintiff to make no inquiry of the persons then in possession of the said business · but to rely solely upon the statements and representations of the said defendants. And the court finds that for the further purpose of inducing plaintiff to purchase the said business, its fixtures and stock in trade, as aforementioned, the said defendants did knowingly, willfully, and fraudulently and with intent to deceive and defraud the plaintiff, withhold from the plaintiff knowledge which they then and there had, and well known to them, that the said business was not then and had not for a long time prior thereto been a profitable business, but to the contrary was then and there and for a long time prior thereto had been losing money and making no profit, unable to meet its current obligations, and in debt to the defendants Brunswig Drug Company and Angeles Credit Company, Ltd., in an amount in excess of Ten Thousand ($10,000.00) Dollars."*

*(c) "It is true that the plaintiff was without knowledge of the fact that the aforementioned representations were false and had no means of ascertaining that said representations were false, but to the contrary believed that the representations so made to plaintiff by the said defendants were true."*

*(d) "It is true that the plaintiff believed and relied upon the said representations and that, induced thereby, and on or about the 21st day of November, 1938, entered into an agreement with Walter E. Palmer, at the place of business of defendant Brunswig Drug Company, for the purchase of said business, including its fixtures and stock in trade, a copy of which said agreement being attached to the complaint herein and marked Exhibit 'A'; and further executed an agreement with the Angeles Credit Company, Ltd., a corporation, at its place of business located in the premises occupied by the defendant Brunswig Drug Company, on or about the 12th day of January, 1939, a copy of which agreement is attached to the complaint herein and marked Exhibit 'D'; . . . "*

*(e) The representations as above found were made by defendants Brunswig Drug Company, Angeles Credit Company, Ltd., A. W. Woodmancy, and Walter E. Palmer, with full knowledge of their falsity.*

*(f) "That by reason of the misrepresentations on the part of the defendants, as aforesaid, the plaintiff has been damaged in the sum of Three Thousand Five Hundred Sixty-eight and 53/100 ($3,568.53) Dollars."*

*Second: Since the trial court did not make an express finding that the representations of defendants were of material facts, the judgment cannot be supported.*

*Third: The amount of damages is not supported by the evidence.*

■ Defendants' first proposition is untenable. We have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the trial court may have reasonably drawn therefrom to sustain each and every material finding of fact set forth above. For example, plaintiff testified that he purchased the drug store in question as a paying drug store, that defendant Woodmancy stated to him, "It is a good paying store doing $65.00 a day"; that he relied on such representation; and that the same defendant said to him:

"You can depend on me because you are—I am representing a many million dollar concern, and you are not dealing with a private individual. You have dealt with us for the past ten years. Why do you hesitate to do anything we would tell you."

In addition there was evidence that the drug store in fact had transacted in November, 1938, only an average business of $46.63 and in December an average business of $50.81. In addition it was admitted that defendant Woodmancy was the location man and seller of drug stores for defendant Brunswig Drug Company and that the defendants Angeles Credit Co., Ltd., and Brunswig Drug Company were one and the same. There was also evidence given by defendant Woodmancy that he had made arrangements with defendant Palmer relative to the sale of the store. Further discussion of the evidence is unnecessary, in view of the repeatedly announced rule of the appellate courts of this state that the power of an appellate court *begins* and *ends* with a determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the findings of fact (*Estate of Winzeler*, 42 Cal. App. (2d) 246 [108 Pac. (2d) 720]).

■ Defendants' second proposition is likewise untenable. The trial court made the following finding:

"It is true that the plaintiff believed and relied upon the said representations and that induced thereby and on or about the 21st day of November, 1938, entered into an agreement with Walter E. Palmer. . . . "

The law is established in California that, where from the evidence and findings it is clear that plaintiff relied upon false representations made by defendant in entering into an agreement, if the findings do recite that plaintiff was induced to enter into an agreement by the false representations of defendant, such a finding will support a judgment in favor of plaintiff. It is not necessary under such circumstances that the findings specifically state that the representations relied upon by plaintiff were material (*Hulen* v. *Stuart*, 191 Cal. 562, 572 [217 Pac. 750]; *Hamilton* v. *French*, 78 Cal. App. 289, 292 [248 Pac. 281]). *Beckley* v. *Archer*, 74 Cal. App. 598 [241 Pac. 422], is not contrary to the rule just announced.

■ Defendants' final proposition will not be considered by us, for the reason that the law is established in California that the point that damages are excessive cannot be raised for the first time on appeal but must be presented to the lower court on a motion for a new trial before an appellate court will consider whether the damages are excessive or not (*Bate* v. *Jolin*, 206 Cal. 504, 508 [274 Pac. 971]; see, also, 2 Cal. Jur. (1921) 302, sec. 101). In the instant case defendants did not comply with the foregoing rule.

■ Both plaintiff and defendant have made application to have this court take additional testimony pursuant to the provisions of section 956 (a) of the Code of Civil Procedure. Neither party has made any showing why the evidence which they now seek to present to this court was not presented to the trial court. For example, defendants seek to introduce the testimony of Harry M. Folsom, vice-president and manager of defendant Brunswig Drug Company, who they allege was in New York at the time of the trial. No reason is given why his deposition was not taken and his testimony thus presented to the trial court. The applications for the taking of additional testimony are denied and for the reasons above stated the judgment is affirmed.

Wood, J., concurred.

MOORE, P. J., Concurring.—I concur. In view of the challenge of the sufficiency of the evidence to support the findings with respect to the amount of damage suffered, in affirming the decision, it should be pointed out that the record contains evidence in support of the damages awarded

as well as of the misrepresentations made by defendants. The declaration in the findings that by reason of the misrepresentations plaintiff has been damaged is not a finding of fact. To comply with the codal provisions with respect to findings, they must set forth the extent of the detriment suffered by defendant's wrongful acts, to be followed by a statement of the consequential damages. In this case, the documents attached to the complaint and not denied show that the cost of the fixtures was $2,500 and that the cost of the merchandise was $2,372. The testimony of plaintiff was that Mr. Woodmancy, an agent of defendants, stated to him that they would give him $800 for the fixtures if they took the store back and would allow him 30 per cent of the value of the merchandise. Based upon that evidence, the loss on the fixtures was $1700 while the loss on the merchandise was $1661, making a total of $3,361.60.

Since the measure of damages under section 3343, Civil Code, is the difference between the purchase price and the actual value of the property received plus special damages (*Carter* v. *Carr,* 139 Cal. App. 15 [33 Pac. (2d) 852]) it would then appear that the damage suffered by plaintiff was $3,361.60, the difference between the price paid and the true value of the property purchased under the influence of the fraud. This is a loss definitely established. Since the judgment exceeds such loss in the sum of $207, it might be contended that the judgment is not supported to the extent of the last mentioned sum. But since "there is no rule that the injury must be of such a nature that it can be accurately measured in money" (*Spreckels* v. *Gorrill,* 152 Cal. 383 [92 Pac. 1011]) and since no request was made of the trial court to modify the judgment, we are in no position to decide that there was a "miscarriage of justice" in the judgment. (Const., art. VI, sec. 4½.)  Motion for a new trial was the proper remedy, as suggested in the main opinion.