NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TERESITA E. HERNANDEZ, an
individual, as Trustee of The Teresita E.
Hernandez Revocable 1999 Trust,

      Plaintiff - Appellee,

  v.

JAMES B NUTTER AND COMPANY, a
California corporation,

      Defendant - Appellant,

and

NORTHWEST TRUSTEE SERVICES,
INC., a corporation doing business in the
State of California, RCO LEGAL, P.S., a
corporation doing business in the State of
California, DOES, 1 through 50, inclusive,

      Defendants.

No. 24-5397

D.C. No.
2:16-cv-07098-MEMF-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California

Maame Ewusi-Mensah Frimpong, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted February 2, 2026[]
Pasadena, California

Before: LEE, KOH, and DE ALBA, Circuit Judges.

James B. Nutter & Company ("JBNC") appeals the district court's orders denying its motion to rescind the settlement agreement ("Settlement") with Appellee, Teresita Hernandez, and its motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We review a district court's decision to deny rescission of a settlement agreement for abuse of discretion. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 975 F.3d 770, 775 (9th Cir. 2020). Questions of law, including interpretation of a settlement agreement, are reviewed de novo, and factual findings are reviewed for clear error. *Parson v. Ryan*, 949 F.3d 443, 453 (9th Cir. 2020). "Under California law, we look to the plain meaning of the settlement's terms." *In re Volkswagen*, 975 F.3d at 775. We also review for abuse of discretion a district court's denial of a motion for reconsideration. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

1.      The district court did not abuse its discretion in denying recission based on fraud. A party may rescind a contract if the consent of the party

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

rescinding was obtained through fraud. Cal. Civ. Code § 1689(b)(1); *id.* § 1574 ("Actual fraud is always a question of fact."); *see also Vill. Northridge Homeowners Assn. v. State Farm Fire & Cas. Co.*, 237 P.3d 598, 602 (Cal. 2010). First, as to Hernandez's living conditions, there is nothing in the record that shows that Hernandez's assertions about her apartment were false. Second, as to Hernandez's alleged promise to move, even if Hernandez had promised to vacate her apartment, her conduct is not inconsistent with her alleged promise. Hernandez actively tried to find another apartment, but she was unable to find an opening for some time, and once she found one, she relocated.

Third, JBNC's assertion that the $1,700 monthly payment to Hernandez was to be used solely for rent is not supported by the record. The payment amount was determined based on an *approximation* of monthly rent. Had the parties intended for that money to be used solely for rent, they would have placed limitations on how Hernandez could spend the Settlement funds. The fact that the Settlement lacks such a mechanism is telling. Accordingly, the district court did not clearly err in finding that nothing in the record shows "that [Hernandez] knew her representations to be untrue, or that she had no reasonable grounds for believing them to be true, or that the deception of [JBNC] was willful," and that, therefore, there was no fraud. *Harding v. Robinson*, 166 P. 808, 810 (Cal. 1917) (quoting *Hoffman v. Kirby*, 68 P. 321, 322 (Cal. 1902)).

24-5397

2. The district court did not abuse its discretion in denying rescission based on mistake. Mistake requires ignorance of a material fact or belief in a material fact which does not exist. Cal. Civ. Code § 1577. JBNC's argument that the district court used the wrong legal test is unavailing. In *Donovan*, the California Supreme Court recognized that, in some cases, a unilateral mistake is grounds for rescission if the non-mistaken party has reason to know of or causes the other party's unilateral mistake. *See Donovan v. RRL Corp.*, 27 P.3d 702, 716 (Cal. 2001) *as modified* (Sept. 12, 2001). The *Donovan* court rejected this concept as inapplicable to the *Donovan* facts, but it did not overrule any prior precedent based on this concept. *See id.* at 714–15. Instead, the *Donovan* court created an alternative four-element test to find rescission based on unilateral mistake where the other party was unaware of, and did not cause, the mistake. *Id.* at 716. Here, JBNC alleges that there is ample "evidence that Hernandez knew about, encouraged, and fostered [JBNC's] mistaken beliefs." Thus, the district court did not err in requiring JBNC to prove that Hernandez knew about and encouraged or fostered JBNC's mistaken beliefs.[1] Likewise, JBNC's argument that the district

---

[1] JBNC's mistake claim also fails under the *Donovan* test because it cannot establish unconscionability. *See DeLeon v. Verizon Wireless*, *LLC*, 143 Cal. Rptr.3d 810, 814 (Cal. Ct. App. 2012) ("[S]ubstantive unconscionability is shown only by contract terms so one-sided as to 'shock the conscience.'") (quoting *Koehl v. Verio, Inc.*, 48 Cal. Rptr.3d 749, 769 (Cal. Ct. App. 2006)). The Settlement was the result of months of negotiations. In exchange for a one-time lump sum and monthly payments, Hernandez was to dismiss the lawsuit with prejudice and

24-5397

court conflated the legal standard for fraud with the legal standard for mistake is unavailing.

On the merits, the district court correctly found that JBNC's mistake claim did not warrant rescission for the same reasons the fraud claim failed. That is, mistake cannot be proven because there is no evidence that Hernandez's representations regarding the condition of her apartment or her intention to move, or JBNC's understanding of those representations, were not true.

3. The district court did not abuse its discretion in denying rescission based on a partial failure of consideration. Rescission may be appropriate where "default in performance went to the very root of the consideration bargained for, [and] such breach amounted to a failure of consideration." *Wilson v. Corrugated Kraft Containers*, 256 P.2d 1012, 1016 (Cal. Dist. Ct. App. 1953). JBNC's contention that the Settlement's key consideration was Hernandez's relocation is contradicted by the language of the Settlement. The integrated Settlement does not even mention, let alone have an express condition, that Hernandez had to move to safer housing, which negates its materiality. *See Wyler v. Feuer*, 149 Cal. Rptr. 626, 633 (Cal. Ct. App. 1978) (noting that partial failure of consideration can be actionable for rescission but only if the failure is "material" or goes to the

---

release her claims. JBNC failed to show that the consideration was so inadequate as to "shock the conscience" when measured against the litigation risks and costs it confronted.

"essence" of the contract). Instead, the Settlement expressly states that the parties, including JBNC, are executing the Settlement because they want to "avoid the uncertainties and expense of further litigation"—not that they want Hernandez to move into safer housing. JBNC's materiality argument is further contradicted by the fact that JBNC performed under the Settlement for approximately four years without objection. Thus, the district court did not err in finding that the key consideration in the Settlement was that Hernandez would dismiss the lawsuit and release her claims in exchange for payments.

4.      We reject JBNC's attempt to introduce extrinsic evidence based on California's parol evidence rule. Parol evidence is admissible "'to interpret an agreement when a material term is ambiguous.'" *Hollingsworth v. Heavy Transp., Inc.*, 381 Cal. Rptr.3d 738, 756 (Cal. Ct. App. 2021) (quoting *Wolf v. Walt Disney Pictures & Television*, 76 Cal. Rptr.3d 585, 602 (Cal. Ct. App. 2008)). But the terms "Qualifying Residence" and "lease" in the Settlement are not ambiguous. The Settlement expressly defines "Qualifying Residence" in an objective manner, and the term "lease" is expressed in broad terms. Reading the Settlement with the language JBNC suggests would contradict or modify the express language of the instrument, which is precisely what the parol evidence rule prohibits. *See Julius*

*Castle Rest. Inc. v. Payne*, 157 Cal. Rptr.3d 839, 850–51 (Cal. Ct. App. 2013).[2]

Thus, since nothing in the Settlement excludes an assisted living facility or a month-to-month lease from the definition of a "Qualifying Residence," the district court did not err in finding that both are allowed under the Settlement's terms.

5.      For the same reasons the district court correctly denied JBNC's motion to rescind, it also did not abuse its discretion in denying JBNC's motion for reconsideration.  Since both the denials of the motions to rescind and for reconsideration are affirmed, the order granting attorneys' fees is also affirmed.

**AFFIRMED.**

---

[2]      While California's parol evidence rule allows extrinsic evidence to be considered for fraud and mistake claims, (Cal. Code Civ. Proc. § 1856(g)), we explained earlier that the district court did not err in rejecting those claims.

24-5397